```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

------------------------------X
                              :
ALLEN LUSMAT                  :   Civil No. 3:20CV01386(SALM)
                              :
v.                            :
                              :
D. PAPOOSHA, R. BOWLES, G.    :   June 29, 2022
MUDANO, E. TUGIE, R. RICCIO,  :
MEDINA, LAPREY, WHITE,        :
CHEVALIER, HERMANOWSKI, BAEZ  :
and SALIUS                    :
                              :
------------------------------X
```

**ORDER**

Plaintiff has filed a Motion for Notice and Permission to Pause or Leave (Doc. #66), as well as a submission entitled "Permission for Motion to Amend my Complaint for the 2nd Time" (Doc. #67). Defendants have filed a response to plaintiff's Motion to Amend (Doc. #75). For the reasons set forth herein, plaintiff's motions are hereby **DENIED**.

I.   **Motion to Stay or for Extension of Deadlines (Doc. #66)**

Plaintiff has filed a motion for a "60 day extension, or pause or leave or stay on any time deadline." Doc. #66 at 1. Plaintiff does not specify a particular deadline he seeks to extend; rather, it appears that he seeks to extend all remaining deadlines in this case. Motions for extension of time "will not be granted except for good cause. The good cause standard requires a particularized showing that the time limitation in

1

question cannot reasonably be met despite the diligence of the party seeking the extension." D. Conn. L. Civ. R. 7(b)1. Plaintiff has failed to establish good cause for an extension of any deadline. Notably, the next substantive deadline in this case is the **October 3, 2022,** deadline for the close of discovery, which is more than 60 days away. See Doc. #43 at 6. It is thus unclear to the Court why plaintiff would require an extension of the remaining deadlines.

Plaintiff asserts that he "never received a copy of the IRO after the Judge accepted his 1st Amended Complaint." Doc. #66 at 1. Plaintiff requests that the deadlines be stayed "until the plaintiff recieves a copy of the lastest IRO, and review it, and or to see the result of the plaintiff permission to amended his complaint for the 2nd time." Id. (sic).

The Court provided plaintiff with copies of all orders issued in this case, including the Initial Review Order ("IRO"), when those orders were issued.

Plaintiff filed the original Complaint on September 15, 2020. See Doc. #1. On March 19, 2021, before the Court had issued an IRO of the original Complaint, plaintiff filed his First Amended Complaint. See Doc. #13. On July 28, 2021, plaintiff filed a "Motion to Move Case," requesting that the Court "fast track his case[.]" Doc. #19 at 1. The Court issued its IRO of the First Amended Complaint on July 29, 2021. See

2

Doc. #20. The Court mailed the IRO to plaintiff on August 10, 2021, and proceeded to service of process as to the claims that had been permitted to proceed.

On August 10, 2021, plaintiff filed a Motion to Amend Complaint, attaching a proposed Second Amended Complaint. See Doc. #22. On November 4, 2021, the Court issued an Order addressing plaintiff's motion to amend, stating:

> The Court's initial review order indicated that Lusmat could file an amended complaint alleging additional facts to sustain liability against any defendant. Doc. #20. Lusmat has since timely filed an amended complaint. Doc. #22. But Lusmat's amended complaint does not allege additional facts sustaining liability against any defendant. Instead, the amended complaint simply adds a section entitled "Legal Claims" reiterating the claims Lusmat previously sought to bring. See id. at 16-17. Such a threadbare recital of legal claims cannot stand in for the specific factual allegations required to support a claim against a particular set of defendants. See Hernandez v. United States, 939 F.3d 191, 198 (2d Cir. 2019). Accordingly, the Court GRANTS Lusmat's motion to amend his complaint but will treat the claims in the amended complaint as governed by the Court's initial review order.
>
> Consistent with that order, the Court deems Lusmat's failure to file a statement indicating that he waives for all time all claims relating to sanctions arising from the April 2018 disciplinary report as a refusal on Lusmat's part to waive those claims. The Court therefore DISMISSES this due process claim. It is so ordered.

Doc. #36.

This Order was delivered to plaintiff through the "PRISSCAN" electronic notice program. No formal IRO of the Second Amended Complaint was issued, because, as noted, the

3

Court found that the additional material in the Second Amended Complaint did not alter the Court's analysis of the claims themselves. Accordingly, the case has proceeded with the Second Amended Complaint (Doc. #22), as limited by the IRO (Doc. #20), as the operative complaint.

On December 21, 2021, the Court issued an Order addressing plaintiff's previously filed Motion to Move Case, denying the motion as moot, "in light of the Court's issuance of an initial review order." Doc. #40. This Order was delivered to plaintiff through the prisoner electronic notice system ("PRISSCAN").

This case was transferred to the undersigned on December 22, 2021, and on that same date, the Court issued a Revised Scheduling and Case Management Order, which noted: "An Initial Review Order has been entered, permitting the Complaint to proceed to service of process." Doc. #43 at 1. This Order was mailed to plaintiff at his address of record. It is clear that plaintiff received this Order, because he moved for an extension of the initial disclosures deadline set by the Order. See Doc. #44.

Thus, plaintiff has received not only the IRO of the First Amended Complaint (Doc. #20), and the Order permitting the filing of the Second Amended Complaint, and applying the IRO to that version of the complaint (Doc. #36), but at least two other orders referring to the fact that an IRO had been issued (Doc.

4

#40, Doc. #43). Plaintiff has never indicated that he did not receive the IRO. The Court also conducted a status conference in this matter, in which plaintiff participated, on March 30, 2022. See Doc. #61. Plaintiff did not assert in that conference that he had not received the IRO. Indeed, plaintiff's motion to amend, addressed below, expressly states that he moves to amend in response to "the IRO dated by Judge Jeffrey Alker Meyer on July 29, 2020." Doc. #67 at 1. In sum, there can be no doubt that plaintiff received the IRO.

It may be that plaintiff expected to receive a full, separate IRO of the Second Amended Complaint. But the Court made clear that no such IRO was forthcoming, because none was necessary in light of the fact that the "amended complaint does not allege additional facts sustaining liability against any defendant. Instead, the amended complaint simply adds a section entitled 'Legal Claims' reiterating the claims Lusmat previously sought to bring." Doc. #36. No further IRO is needed, and none will be issued. Plaintiff has received copies of all orders issued in this matter, and has proceeded with discovery accordingly. There is no need for a stay or extension of deadlines to review or address an IRO that was issued nearly one year ago. Accordingly, the motion to stay is **DENIED**.

II. **Motion to Amend Complaint (Doc. #67)**

Plaintiff has filed a motion seeking to amend his complaint

again. See Doc. #67. Plaintiff seeks to amend his complaint "to correct a few claims, add a few more claims." Id. at 1. The only apparent cause for seeking leave to amend at this late date is that plaintiff has recently "collaborated with another inmate who has a moderated knowledge of the civil proceedings." Id. Defendants oppose the motion, arguing that "plaintiff's motion fails to comply, procedurally or substantively, with the requirements of Rule 15 of the Federal Rules of Civil Procedure." Doc. #75 at 1.

The Court's IRO of plaintiff's First Amended Complaint provided: "If Lusmat believes in good faith that he can allege additional facts to sustain liability against any defendant, then he may file an amended complaint by August 18, 2021." Doc. #20 at 36. Plaintiff timely filed a Second Amended Complaint on August 10, 2021. See Doc. #22. The matter then proceeded through service of process and discovery. Now, some ten months later, plaintiff has again moved to amend his complaint. See Doc. #67.

"Although Fed. R. Civ. P. 15(a) provides that leave to amend a complaint 'shall be freely given when justice so requires,' Fed. R. Civ. P. 15(a), it is within the sound discretion of the district court whether to grant or deny leave to amend." Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995).

A court may deny leave to amend where the moving party has

delayed in seeking such relief. "The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay[.]" Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990). Under Rule 15, a court may exercise its discretion to deny a motion to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" Forman v. Davis, 371 U.S. 178, 182 (1962).

As described in detail above, plaintiff has had ample notice of the Court's orders in this case. Plaintiff has engaged actively in this litigation, issuing numerous discovery requests and participating in a conference with the Court. Yet he has delayed ten months in seeking to amend his complaint again, and has offered no meaningful basis for the delay. The deadline for the service of written discovery requests has passed. See Doc. #43 at 6. The case itself is nearly two years old, and the substantive allegations relate to events that occurred in 2019 and 2020. See Doc. #20 at 35.

> The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith. See State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981). However, "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of

7

> prejudice." Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir. 1983) (citing Advocat v. Nexus Indus., Inc., 497 F. Supp. 328, 331 (D. Del. 1980)). In determining what constitutes "prejudice," we consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.

Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

Permitting amendment at this late date would prejudice defendants, because of the advanced stage of this litigation. Written discovery is closed. If new claims or parties are added, written discovery would need to be reopened, which would prejudice defendants. Amendment at this time would also require a new initial review, and would substantially delay the resolution of the claims. Any prejudice to defendants might be outweighed in certain circumstances. However, where, as here, the Court has no idea what the proposed amendments would be, the Court cannot engage in that balancing analysis.

Furthermore, plaintiff has offered only a vague indication as to how he would amend his complaint, if given leave to do so. He states only that he wishes to "correct a few claims, add a few more claims." Doc. #67 at 1. "The purpose of amending a pleading is to assert matters that were overlooked or were unknown at the time of the original complaint or answer." Smiga v. Dean Witter Reynolds, Inc., 766 F.2d 698, 703 (2d Cir. 1985)

(citation and quotation marks omitted). The Court is unable to determine, based on plaintiff's brief statement, and without the benefit of a proposed amended complaint, whether the corrections and additions plaintiff seeks to make could reasonably be seen as furthering this purpose.

The Court also cannot evaluate, based on plaintiff's motion, whether any proposed amendments would be futile. Denial of leave to amend is proper where a "proposed amended complaint simply adds conclusory allegations and legal arguments already ... included in the original complaint[.]" Broidy Cap. Mgmt. LLC v. Benomar, 944 F.3d 436, 447 (2d Cir. 2019). "In order to be considered futile, the complaint as amended would fail to withstand a motion to dismiss for failure to state a claim." Senich v. Am.-Republican, Inc., 215 F.R.D. 40, 41 (D. Conn. 2003). The Court cannot make this determination without reviewing a proposed amended complaint.

Accordingly, plaintiff's Motion to Amend (**Doc. #67**) is **DENIED, without prejudice.**

### III. Conclusion

For the reasons set forth above, plaintiff's motion to stay (**Doc. #66**) and Motion to Amend (**Doc. #67**) are hereby **DENIED**. The Clerk of Court is directed to mail a copy of the complete docket sheet in this matter, as well as a copy of Doc. #43, to plaintiff with this Order.

If plaintiff believes he can meet the standard for filing a Third Amended Complaint, he may file a renewed motion to amend, together with a proposed Third Amended Complaint, on or before **July 18, 2022. No extensions of this deadline will be granted.** If plaintiff elects to file a renewed motion, the Court will review the proposed Third Amended Complaint to determine whether any claims beyond those identified in the operative complaint would be viable, and whether any prejudice to defendants is outweighed by the need for amendment. Plaintiff's motion must explain why he was unable to include the new allegations or information he proposes to add in his prior complaints, and why he delayed until June 2022 to seek leave to amend.

It is so ordered this 29th day of June, 2022 at Bridgeport, Connecticut.

                                                  /s/
                                    HON. SARAH A. L. MERRIAM
                                    UNITED STATES DISTRICT JUDGE